UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Yoandy F. Morales,<br><br>　　Plaintiff<br><br>v.<br><br>William Hutchings, et al.,<br><br>　　Defendants | Case No.: 2:21-cv-00951-JAD-VCF<br><br>**Order Screening and Dismissing Duplicative Action**<br><br>[ECF No. 1-1] |

Plaintiff Yoandy F. Morales brings this civil-rights action under 42 U.S.C. § 1983, claiming that his Eighth Amendment rights were violated when medical staff failed to hire a Spanish interpreter during his incarceration at Southern Desert Correctional Center.  Because Morales applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A.  Morales's complaint is duplicative of another complaint that he filed the same day.  As Morales will be able to pursue his claims in his other case, I dismiss this complaint and close this case.

### Discussion

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of one.[2]  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[3]  Duplicative litigation by a plaintiff proceeding *in forma*

---

[1] ECF No. 1.
[2] *See* 28 U.S.C. § 1915A(a).
[3] *See* 28 U.S.C. § 1915A(b)(1)(2).

*pauperis* may be dismissed as malicious under 28 U.S.C. § 1915(e).[4] District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[5]

On May 17, 2021, Morales initiated a case with Case No. 2:21-cv-00944-JAD-BNW. That same day, Morales initiated this case. The complaints in both cases are the same, word for word, and both complaints are dated May 5, 2021.[6] There is no indication that Morales intended to file two separate cases. Instead, it appears as if the complaint filed in the first case was copied by hand, and a slightly cleaner version of the same complaint was filed in this case. So it seems that opening two separate cases may have been inadvertent. Although both cases were filed on the same day, the first case was the first filed in this court. Morales will have the opportunity to pursue his claims in that case, so I dismiss this later-filed case as duplicative.

## Conclusion

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to **FILE** the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that **this action is DISMISSED** in its entirety as duplicative of the complaint filed in Case No. 2:21-cv-00944-JAD-BNW. Plaintiff must pursue his claims in that case.

---

[4] *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that repetitious litigation of virtually identical causes of action is subject to dismissal as malicious)); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) (holding that it is malicious for a "pauper" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff).

[5] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[6] *Compare* Case No. 2:21-cv-00944-JAD-BNW (ECF No. 1-1), *with* Case No. 2:21-cv-00951-JAD-VCF (ECF No. 1-1).

IT IS FURTHER ORDERED that plaintiff's application to proceed *in forma pauperis* **[ECF No. 1] is DENIED** as moot.

IT IS FURTHER ORDERED that The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: October 18, 2021

_____
U.S. District Judge Jennifer A. Dorsey